IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KRISTOPHER MICHAEL SHARROTT, #A4020207, <br><br>Plaintiff, <br><br>vs. <br><br>HALAWA PRISON ADA COMPLIANCE TEAM, *et al.*, <br><br>Defendants. | CIV. NO. 18-00486 JMS-RT <br><br>ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL |

## ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL

Before the court is pro se Plaintiff Kristopher Michael Sharrott's prisoner civil rights Complaint brought pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, *et seq*. Compl., ECF No. 1. Sharrott alleges that the Halawa Correctional Facility (HCF) "ADA Compliance team," Medical Administrator Dr. Mee, the State of Hawaii, John and Jane Does 1-20, HCF Medical unit supervisors and staff (collectively, Defendants) violated state and federal law when they failed to provide an "ADA Code" shower at HCF, allegedly causing him to slip, fall, and injure himself.

For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e) and 1915A(a), with leave granted to amend.

# I. STATUTORY SCREENING

The court must conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Specific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl.*, 550 U.S. at 555 (citations and internal quotations marks omitted). Under this standard, the court must accept as true the allegations of the complaint, *Erickson*, 551 U.S. at 94, and construe the pleading in the light most favorable to the plaintiff, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND[1]

Sharrott alleges that Defendants violated the ADA when they negligently failed to ensure that the HCF shower unit was "up to code (ADA code)." Compl., ECF No. 1, PageID #6 (Count I). Sharrott asserts that the ADA requires curbless entries and exits for prison showers and that HCF has only an allegedly noncompliant tiled ramp. He says the ramp is slippery and lacks grip tape; he claims that he fell exiting the shower on an unidentified date and is "permanently injured" because of this allegedly noncompliant shower. *Id.*, PageID #7-8.

Sharrott names all Defendants in their individual and official capacities and seeks "[a]ll relief possible," including requiring HCF to comply with the ADA and punitive damages. *Id.*, PageID #9.

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act,

---

[1] Sharrott's facts, as opposed to his legal conclusions, are accepted as true and construed in the light most favorable to him. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

4

participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.  ADA**

   *1.  ADA Legal Principles*

   Title II of the ADA provides that:

   no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  Thus, to state a claim under the ADA, a plaintiff must allege that:

   (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the

5

> public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Simmons v. Navajo Cty.*, 609 F.3d 1011, 1021 (9th Cir. 2010) (quoting *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004)).

To recover damages under Title II of the ADA, a plaintiff must prove defendant's intentional discrimination under a deliberate indifference standard, *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001); punitive damages are not available, *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Duvall*, 260 F.3d at 1139. An entity's failure to act "must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.*

The proper defendant for a claim brought under Title II of the ADA is the public entity responsible for the alleged discrimination. *See Everson v. Leis*, 556 F.3d 484, 501 & n.7 (6th Cir. 2009) (collecting cases); *but cf. Eason v. Clark Cty. Sch. Dist.*, 303 F.3d 1137, 1145 (9th Cir. 2002) (declining to decide the issue). Title II of the ADA does not provide for suit against a public official acting in his individual capacity. *Everson*, 556 F.3d at 501. A plaintiff also cannot assert a claim under § 1983 against defendants in their individual capacities to vindicate

6

rights created by the ADA. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

### 2. *Analysis Under the ADA*

Sharrott fails to allege facts showing that he was a qualified individual with a disability *before* he slipped and fell in the allegedly non-ADA compliant shower. That is, Sharrott cannot allege that Defendants discriminated against him on the basis of a disability that he had not yet incurred. Nor does he allege that Defendants failed to make accommodations for him *after* he was allegedly permanently disabled. "The ADA prohibits discrimination *because of* disability, not inadequate treatment for disability." *Simmons*, 609 F.3d at 1022 (emphasis added) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners . . . . The ADA does not create a remedy for medical malpractice.")).

Sharrott's ADA claims alleged against Defendants in their individual capacities and his claims for punitive damages are DISMISSED with prejudice. Sharrott's ADA claims as alleged against Defendants in their official capacities fail to show that Defendants excluded Sharrott from programs or denied him services *because of* a disability, subjected him to any discriminatory act, or

7

demonstrate Defendants' discriminatory intent. Sharrott therefore fails to state a colorable claim under the ADA against Defendants in their official capacities and those claims are DISMISSED with leave to amend, if possible.[2]

**B.     Eighth Amendment**

   *1.     Eighth Amendment Legal Principles*

Sharrott does not explicitly allege a claim under the Eighth Amendment, although an extremely liberal construction of his Complaint might suggest such a claim. *See* Compl., ECF No. 1, PageID #6 (alleging Count I involves "Medical care") and PageID #7 (alleging Count II involves "Threat to safety"). Nor does he allege any facts supporting an Eighth Amendment violation, making it unclear and unlikely that he can state a colorable federal claim based on his slip and fall accident in the HCF shower. To assist in making that determination, Sharrott is provided the following standards.

The Eighth Amendment protects prisoners from inhumane methods of punishment and conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with medical care and take reasonable measures to guarantee their safety. *Farmer v. Brennan*,

---

[2] If Sharrott elects to file an amended pleading re-alleging his ADA claims, he must include facts supporting each element discussed above and name the correct defendant.

511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See id.*, 511 U.S. at 834.

### 2. *Analysis Under the Eighth Amendment*

Sharrott alleges that he slipped and fell because Defendants failed to provide grip-tape or rubber mats in the showers, thus, allegedly failing to provide him with "optimum medical care." Compl., ECF No. 1, PageID #6. Courts have generally concluded that prisoners fail to state a constitutional claim regarding simple slip and fall accidents in prisons. *See Pauley v. California*, 2018 WL 5920780, at *4-5 (E.D. Cal. Nov. 13, 2018) (collecting cases and citing *Ramage v. United States*, 2014 WL 4702288, at *5 (D. Ariz. Sept. 22, 2014)); *Bozeman v. Santoro*, 2018 WL 3532909, at *5 (E.D. Cal. July 23, 2018) (dismissing disabled inmate's slip-and-fall claim under ADA and Eighth Amendment with leave to amend); *but see Corso v. Doe*, 478 F. App'x 444, at *1 (9th Cir. 2012) (holding inmate sufficiently alleged an Eighth Amendment "slip-and-fall" claim, by alleging prison officials knew that other inmates had also been injured on the slippery shower floors yet failed to take protective measures) (citing *Farmer*, 511

9

U.S. at 847) (holding prison official violates the Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm)); *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) ("Slippery floors without protective measures could create a sufficient danger to warrant relief.").

For example, the Ninth Circuit has stated that forcing a prisoner to wear handcuffs and shackles in the shower does not state an Eighth Amendment claim, "[e]ven if the floors of the shower are slippery" because "'slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment.'" *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (quoting *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute on other grounds as stated in Lopez*, 203 F.3d at 1130. Courts tend to find "that poorly maintained surfaces, [and] wet floors," as Sharrott alleges here, "do not pose a substantial risk of serious harm supporting a constitutional violation and are merely negligence claims." *Pauley*, 2018 WL 5920780, at *4, and n.1.[3]

---

[3] Citing, *Hall v. Frauenheim*, 2016 WL 2898712, at *1-*5 & n.1 (E.D. Cal. May 18, 2016) (dismissing claim that prison officials knew about leaky roof that allegedly caused prisoner to fall, stating "Warden acknowledged that leaky roofs are an issue, but stated that everything that could be done by the institution had been done."); *Seymore v. Dep't of Corr. Servs.*, 2014 WL 641428, at *4 (S.D. N.Y. Feb. 18, 2014) (finding inmate's allegations that potholes, cracks, and leaks in the bathroom floor caused him to fall was an ordinary tort claim that did not satisfy objective prong of the deliberate indifference inquiry); *Shannon v. Vannoy*, 2016 WL 1559583,
(continued...)

While standing water can pose a "potentially hazardous condition," normally, "slippery floors constitute a daily risk faced by members of the public at large." *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004). "A 'slip and fall,' without more, does not amount to cruel and unusual punishment . . . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.'" *Id.*, citing *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D.W.Va. 1983).

To state a colorable constitutional violation, slippery floors normally must be alleged in conjunction with some other exacerbating condition. *See Frost*, 152 F.3d at 1129 (denying summary judgment because prison officials failed to take reasonable protective measures when inmate's broken leg was repeatedly reinjured due to falls in a non-handicap accessible shower); *Washington v. Sandoval*, 2012 WL 987291, at *8 (N.D. Cal. Mar. 22, 2012) (concluding that "the risk of harm turns into a substantial risk of serious harm somewhere between a bare slippery floor claim and a claim of a hazard with a known exacerbating condition") (citing extensive list of cases).

---

[3](...continued)
*1 (M.D. La. Apr. 18, 2016) (dismissing inmate's deliberate indifference claim regarding a leaky roof as simple negligence not cognizable under § 1983); *Sylla v. City of N.Y.*, 2005 WL 3336460, *1-4 (E.D. N.Y. Dec. 8, 2005) (dismissing inmate's deliberate indifference claim as "nothing more than a slip-and-fall accident on a wet bathroom floor," despite inmate's serious injury and officers knowledge that the bathroom was flooded).

Sharrott also indiscriminately alleges claims against most Defendants based on their perceived supervisory positions. There is no respondeat superior liability under § 1983. *See Monell,* 436 U.S. at 691-92; *Iqbal*, 556 U.S. at 676. Supervisors may be held individually liable under § 1983 only when they are personally involved "in the constitutional deprivation, or [there is] a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). A showing that the supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates caused the plaintiff's injury is sufficient. *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

Sharrott fails to allege sufficient facts to give context to and support for an Eighth Amendment claim. Sharrott omits the date that he allegedly slipped and injured himself while entering or exiting the HCF shower. He fails to allege to whom he reported this accident, detail the injuries he incurred, or set forth Defendants' responses to his fall. That is, Sharrott does not allege that Defendants were aware that the shower area was dangerous *before* he fell and failed to take protective measures, or that Defendants denied him treatment for his injuries after he fell. He also fails to describe any Defendant's personal connection to his

claims. The failure to provide these facts deprives Defendants of a fair understanding of Sharrott's claims and the court is unable to "infer" even "the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Thus, Sharrott fails to allege facts showing that any Defendant was objectively aware of conditions causing a substantial risk of harm to him, yet subjectively, disregarded that risk with deliberate indifference to his health and safety. Sharrott fails to state a colorable claim for deliberate indifference against any individual Defendant under the Eighth Amendment.

This is not to say that Sharrott may not pursue a negligence tort action in the state court. This court makes no determination on the merits of such an action, but cautions that, if Sharrott is unable to amend his claims to state a federal cause of action, the court will decline to take supplemental jurisdiction over his negligence claim and will dismiss this action in its entirety. *See* 28 U.S.C. § 1367(c)(3).

### IV. <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with leave granted to amend those claims that are dismissed herein without prejudice. Sharrott may file an amended complaint on or before February 8, 2019, to attempt to cure the deficiencies in his claims noted above. Sharrott may not expand his claims beyond those already

alleged or add new claims, without an explanation regarding how those new claims relate to the claims alleged in the original Complaint.

Sharrott must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which requires an amended complaint to be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012).

If Sharrott fails to file an amended complaint that cures the deficiencies in his claims, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[4]

---

[4] 28 U.S.C. § 1915 (g) precludes the filing of a civil action:

if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## V. **CONCLUSION**

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1). Sharrott may file an amended pleading to attempt to cure the deficiencies in his claims on or before February 8, 2019.

(2) The Clerk is directed to send Sharrott a blank prisoner civil rights complaint form so that he can comply with this order.

(3) If Sharrott fails to timely amend his pleadings and cure the deficiencies in his claims, this suit may be AUTOMATICALLY DISMISSED without further notice.

(4) Because the Complaint is dismissed for failure to state a claim, and there is no operative pleading before the court, Sharrott's second Motion for Appointment of Counsel, ECF No. 10, is DENIED as premature. *See* Entering Order, ECF No. 4 (denying first Motion for Appointment of Counsel as

///

///

///

///

///

prematurely raised until "the court determines that [the] Complaint states a colorable claim for relief and may be served").

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 14, 2019.



   /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Sharrott v. Halawa Prison ADA Compliance Team, et al.*, No. 1:18 cv 00486 JMS RT; Scrng '18 Sharrott 18 486 (dsm FTSC ADA or 8A)