IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| KRISTOPHER MICHAEL SHARROTT, #A4020207, | ) ) | CIV. NO. 18-00486 JMS-RT |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING MOTION TO AMEND COMPLAINT AND DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE |
| vs. | ) ) | |
| HALAWA PRISON ADA COMPLIANCE TEAM, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO AMEND COMPLAINT AND DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE**

Before the court are Plaintiff Kristopher Sharrott's "Motion to Grant Leave to Amend All Claims of this Case That Have Been Dismissed Without Prejudice" ("Motion to Amend Complaint"), ECF No. 22, and second amended complaint ("SAC"), ECF No. 29. Plaintiff names Halawa Correctional Facility ("HCF") officials L. Lee Zidek, G. Dano, M. Naeole, Dr. Mee, and John and Jane Does 1-20 as Defendants in their individual and official capacities (collectively, "Defendants"). In the SAC, Plaintiff alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

For the following reasons, Plaintiff's Motion is DENIED as futile and the SAC is DISMISSED with prejudice. This action shall proceed with Sharrott's ADA claims as alleged against the Hawaii Department of Public Safety ("DPS") in the First Amended Complaint ("FAC"), ECF No. 13, which remains the operative pleading.

## I. BACKGROUND

Plaintiff commenced this action on December 10, 2018, when he filed the original Complaint. ECF No. 1. He is a convicted prisoner incarcerated at HCF and is proceeding pro se and in forma pauperis.

### A. Original Complaint

In the original Complaint, Plaintiff alleged that Defendants[1] violated federal and state law when they negligently failed to ensure that the HCF shower was compliant with standards allegedly required by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, *et seq.* He claimed that this failure caused him to fall while exiting the HCF shower, resulting in permanent injury.

On January 14, 2019, the court dismissed Plaintiff's original Complaint with leave granted to amend. *See* Order (1) Dismissing Complaint With Leave to

---

[1] Sharrott originally named the Halawa Correctional Facility ("HCF") "ADA Compliance team," Medical Administrator Dr. Mee, the State of Hawaii, John and Jane Does 1-20, HCF Medical unit supervisors and staff in their official and individual capacities as Defendants.

Amend and (2) Denying Motion for Appointment of Counsel, ECF No. 11 ("January 14, 2019 Order"). The court first held that Plaintiff cannot state a claim against individual capacity Defendants, or for punitive damages, under the ADA, and dismissed these claims with prejudice. *Id.*, PageID #47. The court next held that Plaintiff failed to allege sufficient facts to show that official capacity Defendants violated his rights under the ADA, and dismissed these claims without prejudice. *Id.*, PageID #48. Last, the court held that, to the extent that Plaintiff alleged claims under the Eighth Amendment, he failed to allege sufficient facts to show that Defendants violated his rights thereunder, and dismissed such claims without prejudice and leave granted to amend. *Id.*, PageID #53.

**B.     First Amended Complaint**

Plaintiff filed the FAC on January 25, 2019. ECF No. 13. After initial review of the FAC, the court ordered Plaintiff to show cause why the action should not be dismissed without prejudice based on his explicit concession that he failed to exhaust administrative remedies before bringing suit. *See* Order, ECF No. 15. After receiving Plaintiff's response, ECF No. 17, the court determined that Plaintiff showed sufficient cause to allow this issue to be determined through adversary proceedings after service. *See* Order Dismissing Amended Complaint in Part and Directing Service, ECF No. 19, at PageID #100, n.4 ("March 27, 2019 Order").

The court then screened the FAC and determined that Plaintiff stated a claim under the ADA against the DPS. *Id.*, PageID #102. The court dismissed Plaintiff's remaining claims alleging cruel and unusual punishment and the denial of equal protection and due process under the Eighth and Fourteenth Amendments without prejudice, for Plaintiff's failure to allege sufficient facts to state a claim.

The court ordered the United States Marshal to serve the FAC on DPS (and Director Nolan Espinda as its chief executive officer), pursuant to Federal Rule of Civil Procedure 4(j)(2), as limited to Plaintiff's ADA claims. The record does not reflect whether DPS has been served.

**C.     Second Amended Complaint**

On April 5, 2019, Plaintiff moved to amend those claims in the FAC that were dismissed without prejudice. ECF No. 22. He filed the SAC on May 6, 2019. The SAC omits Plaintiff's colorable claims under the ADA against DPS that were ordered served, and alleges claims solely under the Eighth and Fourteenth Amendments against those Defendants who were dismissed in the March 27, 2019 Order.

Plaintiff indiscriminately alleges that Defendants failed to provide him access to an ADA compliant shower, despite their alleged knowledge of his disabilities and need for such accommodation, causing him to slip and injure himself while exiting

4

the HCF shower. He alleges Defendants therefore denied him adequate medical care and equal protection under the law.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) instructs that "[t]he court should freely give leave [to amend a pleading] when justice so requires." The ability to amend is not without limits, however. Federal courts balance five factors when considering a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). These factors do not weigh equally; as the Ninth Circuit has explained, prejudice receives the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Absent prejudice, which normally is the defendant's burden to establish, or a "strong showing" of any of the other factors, there is a presumption in favor of permitting amendment. *Id.* (*citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987)) (other citations omitted).

"Futility alone can justify the denial of a motion for leave to amend," however. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Futility arises when the amendment is legally insufficient, *Miller v. Rykoff Sexon, Inc.*, 845 F.3d

5

209, 214 (9th Cir. 1988), *abrogated in other part by Ashcroft v. Iqbal*. 556 U.S. 662, 678 (2009), or "where the amended complaint would . . . be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citation omitted).

### III. DISCUSSION

Plaintiff has not acted in bad faith or with undue delay, there is no apparent prejudice to the unserved Defendants, and, although Plaintiff has previously amended his complaint, he only seeks to amend claims that were dismissed without prejudice. Thus, these factors do not counsel against allowing the SAC to be filed. There are, however, several reasons why allowing the proposed SAC to be filed is futile.

**A.     The SAC is Incomplete**

As the court notified Plaintiff in the January 14, 2019 Order dismissing the original Complaint, an amended complaint must "be complete in itself without reference to any prior pleading." *Id.*, PageID #54. This means that an amended complaint supersedes the preceding complaint, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015), and any defendants or claims that are not realleged in an amended complaint may be deemed voluntarily dismissed, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

The SAC omits the only colorable claims that Plaintiff has alleged and fails to reassert those claims against the DPS. This omission alone is sufficient to deny Plaintiff's Motion as futile.

**B.     Plaintiff Fails to State a Claim**

Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(a); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Plaintiff has had three opportunities to explain how Defendants violated the Eighth and Fourteenth Amendments, and he still fails to allege sufficient facts to state colorable constitutional claims against them. First, Plaintiff again fails to

(1) show that he suffered a specific injury as a result of any *particular* Defendant's personal conduct and (2) allege an affirmative link between that injury and the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Rather, Plaintiff indiscriminately alleges that *all* Defendants disregarded a threat to his safety by failing to upgrade the HCF shower to comply with allegedly ADA-mandated requirements, therefore causing his injury. This is insufficient to show that Defendants individually violated his rights to be free from cruel and unusual punishment or to equal protection.

### 1. *Eighth Amendment*

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish a defendant's deliberate indifference to a serious medical need, the plaintiff must show that "the officials had a sufficiently culpable state of mind in denying the proper medical care." *Lolli v. Cty. of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (quoting *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (internal quotation marks omitted)). A defendant is liable only if he "knows of and disregards an excessive risk to [the

detainee's] health and safety." *Id.* (citation and quotation marks omitted). "In order to know of the risk, it is not enough that the person merely be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists . . . he must also draw that inference." *Id.*

Plaintiff again alleges that all Defendants were grossly negligent because he was allowed to shower in a non-ADA compliant shower without assistance approximately one month after he had surgery. He fails to allege what each individual Defendant knew about his condition and what they personally did or failed to do to prevent his injury. Plaintiff does not allege that any Defendant knew that he still required assistance to shower approximately one month after his surgery and directed that he shower without assistance. He simply alleges that all Defendants, who he says are supervisors, failed to train or supervise unidentified HCF staff.

These facts are insufficient to show that any individual, named Defendant acted with the reckless intent required to show that he or she was deliberately indifferent to the possibility that Plaintiff might fall and injure himself when he was allowed to shower unassisted. *See Farmer*, 511 U.S. at 847 (holding prison official violates the Eighth Amendment if he or she knows of a substantial risk of serious harm to an inmate and fails to take reasonable measures to avoid the harm). As

9

alleged, the court is unable to infer more than "the mere possibility of misconduct" under the Eighth Amendment. *Iqbal*, 556 U.S. at 679.

Because Plaintiff has had three opportunities to set forth a colorable Eighth Amendment claim against any Defendant regarding his fall, has been given guidance on what is required to state such claim, and has had two chances to amend his claims, Plaintiff's Eighth Amendment claim is DISMISSED with prejudice. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (holding district court may deny leave to amend after repeated failures to cure deficiencies by amendments previously allowed).

### 2. *Equal Protection Claim*

A plaintiff can state an equal protection claim by alleging that "defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *See Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) (citing *Washington v. Davis*, 426 U.S. 229, 239-40 (1976)). If plaintiff is not a member of a protected class, he can establish a "class of one" by alleging that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004).

Plaintiff again fails to allege that he is a member of a protected class or that Defendants treated him differently than other similarly situated individuals without a rational basis for their actions. As Plaintiff has failed again to state a colorable equal protection claim, this claim is also DISMISSED with prejudice. *See Zucco Partners, LLC*, 552 F.3d at 1007.

## IV. **CONCLUSION**

(1) For the reasons stated above, allowing Plaintiff to proceed with the SAC as the operative pleading is futile. Plaintiff's Motion to Grant Leave to Amend All Claims of this Case That Have Been Dismissed Without Prejudice is DENIED.

(2) Plaintiff's claims in the SAC under the Eighth and Fourteenth Amendments are DISMISSED with prejudice.

///

///

///

///

///

///

///

(3)　The First Amended Complaint remains the operative pleading in this action, which shall proceed with Sharrott's ADA claims against the Hawaii Department of Public Safety which is required to respond after service is perfected.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 27, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Sharrott v. Halawa Prison ADA Compliance Team, et al.*, Civ. No. 18 00486 JMS RT; Scrng '19 Sharrott 18 486 (dny m. amend, dsm SAC w.prej.)